State vs. Brackett.

---

## No. 11,143.

### THE STATE OF LOUISIANA VS. JUDGE BRACKETT.

1. Where an accused has submitted no special charges to the trial judge—asked of him no written charge and taken no bill of exceptions in relation thereto prior to verdict, he can not, in a motion for a new trial, embody therein what he understands to have been the instructions of the judge to the jury, and

require of the latter to state wherein they are not correct and to correct the same.

2. The trial judge can not be required to charge the jury in respect to a matter as to which he says there was no evidence whatever.

APPEAL from the Criminal Court for the Parish of Orleans. Moise, J.

M. J. Cunningham, Attorney General, and M. J. Cunningham, Jr., for the State, Appellee.

W. W. Hadlin for Defendant and Appellant.

The opinion of the court was delivered by

NICHOLLS, C. J.  The defendant was tried and convicted under an information based upon Article 792 of the Revised Statutes and sentenced " to suffer imprisonment in the State penitentiary at hard labor for the term of one year and to pay costs of prosecution subject to his rights of commutation as provided in Act 112 of 1890." He has appealed. No exceptions were taken prior to the verdict. Subsequently to the rendition of the verdict bills of exception were taken to the rulings of the judge upon a motion for a new trial which he filed.  One of the grounds set up was that the judge charged the jury that if two men consent to fight and one shoots he is guilty."

Another was to the effect that the court ought to have granted the charge asked on behalf of the accused, viz.: " that it was for the jury to determine whether or not the consent of the prisoner was free and voluntary if the least amount of intimidation or force was brought to bear upon him, which the court refused."

The motion for a new trial was overruled.

The first bill of exception declares that before commencing his argument on the motion for a new trial counsel for prisoner requested his Honor to examine the two last grounds of said motion relative to his charges to the jury, and state on said motion whether or not said grounds were correctly set forth, and if not, to state any correction or modification which might be necessary according to his recollection, but the court refused to grant said request.  The trial judge says he did not refuse, but, on the contrary, stated them distinctly in open court when requested by counsel.

State vs. Brackett.

The judge's statement must be taken as true, but assuming he had refused counsel's request he would have been completely justified in doing so. Counsel of the accused could easily have asked the court for a written charge, but he did not do so. He should have presented special charges if he wished them and taken a bill had the judge refused to submit them. If he had any objections to the court's oral general charge he should have stated and urged them at the time, and then taken a bill of exception. It can not be for an instant permitted that counsel should wait until after a verdict is rendered, and for the first time in a motion for a new trial set out what he understood to be the judge's charge and call upon him to correct it.

The second bill of exceptions calls in question the correctness of the judge's reasons for overruling the motion for a new trial " in so far as they related to the question of consent or contract or agreement to fight on the part of the prisoner, the counsel objecting that it was a question for the jury exclusively of fact whether there was consent or consent produced by threats or undue pressure, and the moment the sixth ground or anything germane. to it was given, involving the question of contract to fight, then it was necessary to grant the charge requested for the prisoner set up in the 7th ground, so that the jury could judge whether the contract was valid or not."

The judge in the bill states that he refused to charge on the 7th ground, because the facts did not justify any such charge—that there was neither evidence nor proof as to intimidation or force being used to compel the prisoner's consent to have a "fair fist fight." Independently of other reasons, those assigned by the court authorize his action. A judge can not be asked to charge upon a subject as to which there was no evidence whatever. The accused has filed in this court an assignment of error, in which he says that it is apparent on the face of the record that it condemned him to one year's imprisonment contrary to Sec. 792 of the Revised Statutes. The punishment prescribed in that section for the crime therein mentioned, on conviction, is imprisonment at hard labor not exceeding two years.

There is nothing which accused has urged upon which the verdict and sentence can be reversed. For the reasons herein assigned it is ordered that the judgment of the Criminal District Court for the parish of Orleans be and the same is hereby affirmed.